IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-00214-WYD-CBS

CAROLYN MAY,

    Plaintiff(s),

v.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation, f/k/a THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS,

    Defendant(s).

---

**ORDER**

---

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on cross motions for summary judgment. Defendant Travelers Property Casualty Company of America f/k/a Travelers Indemnity Company of Illinois ("Travelers") filed a Motion for Summary Judgment on December 12, 2005 (document #23).  Plaintiff Carolyn May filed a Motion for Partial Summary Judgment on February 10, 2006 (docket #33).  Both motions have been fully briefed.

This is an insurance dispute arising from an automobile accident involving Plaintiff.  At the time of the accident, Plaintiff was traveling as a passenger in a vehicle insured by Travelers under a policy of insurance issued to her husband, Shawn May. Plaintiff, an insured under the policy as a resident relative of Shawn May, was entitled to receive benefits under the policy including Personal Injury Protection ("PIP") benefits pursuant to the then-existing Colorado No-Fault Act, C.R.S. § 10-4-701, *et seq.*  The

policy at issue provided the minimum complying PIP coverage, which Travelers paid to Plaintiff. Plaintiff then made a claim to Travelers for added personal injury protection benefits ("APIP") without dollar or time limitations. Travelers denied Plaintiff's claim for APIP, and Plaintiff commenced this action seeking, among other things, a declaration under Fed. R. Civ. P. 56 that the policy at issue must be reformed as a matter of law to include the highest amount of coverage required to be offered under C.R.S. § 10-4-710, without any aggregate limit. In addition to her reformation claim, Plaintiff brings claims for breach of contract, statutory bad faith, breach of the implied covenant of good faith and fair dealing, and common law bad faith.

II. ANALYSIS

    A. Summary Judgment Standard

Summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing that no genuine issue of material fact exists is borne by the moving party. *E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). In reviewing a summary judgment motion, the court must view the evidence in the light most favorable to the nonmoving party. *Anaya v. Crossroads Managed Care Systems, Inc.*, 195 F.3d 584 (10th Cir. 1999). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

When cross motions for summary judgment are filed, the court "'is entitled to

assume that no evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted).  Cross motions for summary judgment must be treated separately; the denial of one does not require the grant of another.  *Buell Cabinet v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979).

  B. <u>Whether Summary Judgment is Appropriate In this Case</u>

While both parties address essentially the same issue in their cross-motions, whether Plaintiff is entitled to reformation of the subject policy as a matter of law, I begin with an analysis of Plaintiff's motion.  In her motion for partial summary judgment, Plaintiff asserts that she is entitled to reformation of the policy at issue, as a matter of law, because Travelers "failed to make Shawn May a proper offer of enhanced PIP coverage because the policy did not contain the coverages required to be offered by statute."  Pl. Mtn. at 2.  Plaintiff further asserts that she is entitled to reformation because Travelers violated C.R.S. § 10-4-706(4)(a) by (1) failing to provide a written explanation of enhanced PIP coverage to Shawn May prior to issuing the policy; (2) failed to make an offer of enhanced PIP coverage to Shawn May that was commercially reasonable under the test of *Allstate v. Parfrey*, 830 P.2d 905 (Colo. 1992); and failed to obtain a signed insurance application, PPO selection form, or PIP selection form from Shawn May.  Pl. Mtn. at 2.

1. <u>Whether Reformation Is Appropriate As A Matter of Law Based On Travelers' Alleged Failure To Offer APIP Coverage To Pedestrians and Non-Family Occupants</u>

The Colorado's No-Fault Act ("Act") sets forth the mandatory minimum PIP coverages that an insurer must provide. C.R.S. § 10-4-706 (2003). In addition to these mandatory coverages, the Act provides for supplemental or APIP coverage, which may be purchased at the option of the named insured. Specifically, the Act provides that:

> (2)(a) [e]very insurer <u>shall offer</u> the following enhanced benefits for inclusion in a complying policy, in addition to the basic coverages [PIP coverages] . . . at the option of the named insured:
>
> (I) Compensation of all expenses of the type described in section 10-4-706(1)(b) [medical treatment] without dollar or time limitation; or
>
> (II) Compensation of all expenses of the type described in section 10-4- 706(1)(b) [medical treatment] without dollar or time limitations and payment of benefits equivalent to eighty-five percent of loss of gross income per week from work the injured person would have performed had such injured person not been injured during the period commencing on the day after the date of the accident without dollar or time limitations.
>
> (b) A complying policy may provide that all benefits set forth in section 10- 4-706(1)(b) to (1)(e) and in this section are subject to an aggregate limit of two hundred thousand dollars payable on account of injury to or death of any one person as a result of any one accident arising out of the use or operation of a motor vehicle.

C.R.S. § 10-4-710(2)(a)-(b) (2003). Section 707(1) of the Act states that the coverages described in § 706 apply to (1) the named insured, (2) resident relatives of the named insured, (3) passengers occupying the insured's vehicle with the consent of the insured, and (4) pedestrians. C.R.S. § 10-4-707(1). The Colorado Supreme Court has

held that the APIP coverages described in § 710 must apply to the categories of persons listed in § 707.  *Brennan v. Farmers Alliance Mut. Ins. Co.*, 961 P.2d 550, 553-54 (Colo. App. 1998).  Therefore, when the APIP coverage offered by the insurer does not include, or specifically excludes, coverage for non-family occupants of a vehicle or pedestrians, the "offer" does not comply with the Act, and "additional coverage in conformity with the offer mandated by statute will be incorporated into the policy."  *Brennan*, 961 P.2d at 554.

According to Plaintiff, at the time Mr. May purchased the policy at issue, the APIP endorsement used by Travelers did not extend benefits to non-family occupants and pedestrians.  Plaintiff, citing *Brennan, supra,* and *Clark v. State Farm Mut. Automobile Ins. Co.*, 433 F.3d 703 (10th Cir. 2005), asserts that "[d]ue to Travelers' failure to offer coverage for all categories of eligible injured persons as required by the No Fault Act, the May policy must be reformed as a matter of law, and the reformed policy must include the highest level of coverage required to be offered under [C.R.S.] § 10-4-710(2)(a)(II)."  Pl. Mtn. at 8.  In other words, Plaintiff asserts that Travelers' "offer" of APIP to Mr. May did not comply with the Act because that offer did not include coverage options for non-family occupants and pedestrians.

Travelers does not dispute that at the time Mr. May purchased the policy at issue, its APIP coverages excluded non-family member occupants and pedestrians.  However, as Travelers notes, Plaintiff is neither a pedestrian nor a non-family member occupant - she is a resident relative of the named insured.  I agree with Travelers that Plaintiff is not entitled to seek reformation of the policy based on Travelers' failure to

properly extend APIP to non-family member occupants and pedestrians. Both *Brennan*, and *Clark* involved pedestrians who argued for reformation of the insurance policies at issue based on the fact that the APIP benefits offered to the insureds specifically excluded pedestrians. The plaintiffs/pedestrians in those cases were entitled to reformation of the insurance polices to include enhanced benefits for pedestrians. *Clark*, 433 F.3d at 709-10; *Brennan*, 961 P.2d 554-55. Here, the APIP endorsement offered to Mr. May, while defective with respect to pedestrians and non-family member occupants, would have covered Plaintiff as a resident relative of Mr. May. Therefore the proper inquiry is whether Travelers offered Mr. May APIP benefits in a manner that complied with § 10-4-710. *Morris v. Travelers*, 2006 WL 166597 *6 (D. Colo., January 19, 2006); *Sigala v. Hartford Underwriters Ins. Co.*, 2005 WL 2098141 *6 (D. Colo., Aug. 29, 2005).

        2.      <u>Whether Reformation is Appropriate as a Matter of Law Based on the Manner in Which Travelers Offered APIP Benefits to Mr. May</u>

I turn now to Plaintiff's argument that Travelers failed to offer Mr. May APIP benefits in compliance with § 710 because it failed to provide a written explanation of APIP benefits, failed to obtain a signed application or PIP selection form, and failed to make an offer of enhanced PIP coverage to Shawn May that was commercially reasonable under the test of *Allstate v. Parfrey*, 830 P.2d 905 (Colo. 1992). In *Parfrey*, the Colorado Supreme Court held that an insurer's statutory duty under C.R.S. § 10-4-609(b)(2), which requires insurer's to offer uninsured motorist coverage higher than the minimum statutory liability limits, must be "performed in a manner reasonably calculated to permit the potential purchaser to make an informed decision." *Parfrey*,


830 P.2d at 913. As an initial matter, I question whether the commercial reasonableness test set forth in *Parfrey* is the correct standard under which to evaluate the sufficiency of Travelers' offer to Mr. May. Plaintiff has not cited any Colorado case applying the *Parfrey* test in the context of an offer of APIP benefits under § 710 of the Act. However, I note that several cases from this District have utilized the *Parfrey* standard in similar cases. *See Johnson v. State Farm Mut. Auto. Ins. Co.*, 158 Fed.Appx. 119 (10th Cir. 2005) (not selected for publication) (noting the trial court's use of the *Parfrey* test); *Hill v. Allstate*, 2006 WL 229202 (D. Colo., Jan. 24, 2006) (same).

Neither party has fully briefed the issue of who bears the ultimate burden of proving commercial reasonableness at trial. Although Travelers states in its motion that Plaintiff has the burden of proving she is entitled to reformation of the policy, Plaintiff states that Travelers bears the burden of showing it complied with Colorado law. Def. Mtn. at 9; Pls. Rsp. at 15. I need not resolve the issue, however, because even if the burden of proof is placed on Defendant, I find that there are no material facts in dispute regarding the manner in which APIP was offered to Mr. May.[1] *See In re Ribozyme Pharmaceuticals, Inc. Securities Lit.*, 209 F.Supp.2d 1106, 1110 (D. Colo.

---

[1] Travelers' motion for summary judgment asserts that Plaintiff, as a resident relative of the insured, lacked standing to seek reformation of the policy based on Travelers' failure to properly extend APIP to non-family member occupants and pedestrians, and does not address the commercial reasonableness of its offer. In Response to Travelers' motion, Plaintiff asserted that she had standing, and raised the issue of commercial reasonableness, contending that "there exists ample material facts indicating that the manner in which Defendant offered its alleged enhanced PIP coverage failed to satisfy the test of [*Parfrey*]." However, Plaintiff then filed her cross-motion for summary judgment in which she contends that the material facts are not in dispute, and seeks a determination, as a matter of law, that Travelers' offer of APIP to Shawn May was not commercially reasonable.

2002) (noting that material facts are only those which tend to prove or disprove an element of the subject claim). Where the material facts regarding the manner of an "offer" of APIP under § 710 are not in dispute, courts may determine whether the insurer performed its statutory duty of notification as a matter of law. *Johnson*, 158 Fed.Appx. at 121-23; *Hill*, 2006 WL 229202 (D. Colo., Jan. 24, 2006).

Each party has limited recollection of what occurred when Mr. May purchased the policy at issue. However, both parties contend that this issue can be resolved by summary judgment. When cross motions for summary judgment are filed, the court "'is entitled to assume that no evidence needs to be considered other than that filed by the parties . . ..'" *Atlantic Richfield Co.*, 226 F.3d at 1148 (quotation omitted).

Based on the facts set forth in the parties' cross-motions, the following facts are undisputed: In May of 2001, Shawn May began rate shopping for replacement automobile insurance. Mr. May testified that price was a significant consideration for him and he shopped replacement auto coverage among four to seven different agencies, giving each agency the same coverage information. Mr. May initially contacted the Draper Insurance Agency via telephone on May 21, 2005. Mr. May spoke with Ms. Jayne Goda, a new employee at the Agency. During the conversation, Ms. Goda recorded information provided by Mr. May onto a fact sheet, and provided Mr. May with a price quote which included basic PIP. On May 25, 2001, Mr. May had a face-to-face meeting with Ms. Goda. Ms. Goda testified that she did not really recall much of her meeting with Mr. May, but that her normal procedure would have been to go over coverages with the insured and inform the insured that in addition to basic PIP,

"[t]here was other limits available if you wanted them at a premium." When Ms. Goda was asked in deposition whether she was aware of the specific requirement that an insurer offer APIP she testified, "[t]hat doesn't sound familiar." Ms. Goda did not provide Mr. May with any forms or documents, but testified that her normal practice was to review available coverages with an applicant using her computer screen, which listed all available coverages, but did not describe them. Mr. May testified that he did not have a specific memory of "going through each coverage," with Mr. Goda, but stated that "obviously when we did the policy, we would have spoken about some of the coverages."

Following his meeting with Ms. Goda, Mr. May returned to the agency and met with Mr. Marv Draper. Mr. Draper did not provide Mr. May with any documents or forms. Mr. Draper testified that his practice was to inform an insured that basic PIP was mandatory, and that APIP was available with an aggregate cap. Mr. Draper testified that during his meeting with Mr. May, he recalls that he went over the basic PIP coverages with Mr. May, and that Mr. May asked whether he had to take the basic PIP. Mr. Draper testified that he told Mr. May that he had to take basic PIP because it was mandatory. According to Mr. Draper, he then informed Mr. May that "[t]here's other options available," and Mr. May responded by asking whether those other options "cost more money," to which Mr. Draper responded affirmatively. Mr. May then stated that he didn't want to know about the other options because he wanted "to get in as cheap as [he could] because [he] was having financial difficulties at that time." Mr. Draper did sell Mr. May UM/UIM coverage and states that it could be used as a "back up for not

having enough basic PIP." There is no evidence that Travelers provided Mr. May with a quote for APIP, a PIP selection form or other written materials describing APIP benefits, or that APIP benefits were described to Mr. May with any specificity.

The Act does not define the manner in which an insurer must offer APIP, nor does it mandate that the offer be in writing or include a written explanation of benefits. I disagree with Plaintiff's contention that a written explanation of APIP is required by both §§ 706 and 111. Neither of these sections addresses the offer of APIP benefits set forth in § 710. Section 706 relates to minimum PIP coverages and the written explanation requirement therein refers only to those minimum requirements. The only section in which the offer of APIP benefits is discussed is section 710, and that section contains no requirement that the offer of benefits be in writing. While I find that § 710 does not specifically require insurers provide a written explanation of APIP benefits or obtain a signed PIP selection form, such facts may be relevant to whether an insurer's offer of APIP was made in a commercially reasonable manner.

In *Parfrey*, the Colorado Supreme Court held that "an insurer's duty of notification and offer must be performed in a manner reasonably calculated to permit the potential purchaser to make an informed decision." *Parfrey*, 830 P.2d at 913. In determining whether an insured has fulfilled this statutory duty, a court may consider factors such as the clarity with which the purpose of coverage was explained to the insured, whether explanation was made orally or in writing, the specificity of the options made known to the insured, the price at which the different levels of coverage could be purchased, and any other circumstances bearing on the adequacy and clarity of the

notification and offer. Ultimately, "the dispositive consideration is whether, under the totality of circumstances, the insurer's notification and offer to the insured adequately informed the insured that [ ] coverage was available." *Id.* at 914 n. 5. *Johnson v. State Farm Mut. Auto. Ins. Co.*, 158 Fed.Appx. 119, 121-23 (10th Cir. 2005) (not selected for publication) (upholding trial court's grant of summary judgment in favor or insurer where evidence established that insured received a pamphlet describing APIP coverages, and had the opportunity to obtain a quote or additional information); *Hill v. Allstate*, 2006 WL 229202 (D. Colo., Jan. 24, 2006) (where record demonstrates that insured was given an accurate written summary of APIP coverage and a opportunity to obtain more information and a quote, the offer of APIP was commercially reasonable as a matter of law).

Here, it is undisputed that Travelers did not provide Mr. May with any written materials or any substantive oral explanation of the available APIP benefits. Travelers has offered evidence that, at most, Ms. Goda and Mr. Draper informed Mr. May that addition APIP coverages were available, and that those coverages could be obtained for an additional premium. While Travelers was not required to provide a written summary of APIP to Mr. May, its representatives certainly could have explained the available benefits in greater detail and with more specificity. Travelers notes that it was Mr. May who foreclosed further discussion of APIP benefits with Mr. Draper, stating that he "didn't want to know," and wanted to obtain the cheapest policy available. However, Mr. Draper did sell Mr. May UN/UIM coverage, and incorrectly stated that such coverage was a "back up" to for not having enough PIP. Under the circumstances in

-11-

this case, I find that Travelers' offer of APIP was not communicated in a manner reasonably calculated to permit Mr. May to make an informed decision. Therefore, Plaintiff is entitled to reformation of the policy as a matter of law, and her motion for partial summary judgment is granted as to her First Claim for Relief.

### 3. Reformation of the Policy

I now turn to Travelers' motion. Based on the analysis set forth above, Travelers' motion is denied as to its claim that Plaintiff is not entitled to reformation of the policy as a matter of law. Therefore, additional coverage "in conformity with the offer mandated by statute will be incorporated into the policy." *Brennan*, 961 P.2d at 553. However, Travelers also contends that even if Plaintiff is entitled to reformation of the policy to include APIP benefits, those benefits must be capped at the $200,000 aggregate limit set forth in Travelers' policy. According to Travelers, its APIP benefit, if purchased would have limited such benefits to an aggregate limit of $200,000. Travelers maintains that when a policy is reformed by operation of law to provide APIP level benefits, and the policy contains the $200,000 aggregate APIP limit provision, the reformed policy will be subject to that aggregate limit. Plaintiff argues that there is no $200,000 aggregate limit because the policy issued to Mr. May "failed to include a cap as allowed by law," because the policy does not inform insureds that the aggregate is $200,000 "per person, per accident." I disagree.

As set forth in § 710(2)(a), a complying policy may be subject to an aggregate limit of $200,000 on the total aggregate amount payable. Here, the policy at issue clearly describes Travelers' liability for PIP benefits as applying to "'bodily injury'

sustained by any 'insured' in any one 'motor vehicle' accident . . . ." (Emphasis added). In the event an insured selects APIP coverage, the basic PIP liability limits are replaced with the $200,000 aggregate limit, but the benefits are applicable to "any insured in any one motor vehicle accident." Therefore, Plaintiff is entitled to reformation of the policy at issue to include the "Added Personal Injury Protection Options," described in the policy, subject to the $200,000 aggregate, per person, per accident, limit. *Brennan*, 961 P.2d at 555; *Clark v. State Farm Mut. Auto. Ins. Co.*, 292 F.Supp.2d 1252, 1268-69 (D. Colo. 2003).

III.   CONCLUSION

In conclusion, for the reasons stated above, it is hereby

ORDERED that Plaintiff's Motion for Partial Summary Judgment, filed February, 10, 2006 (docket #33) is **GRANTED IN PART** as to her First Claim for Relief, as set forth herein.  It is

FURTHER ORDERED that Defendant's Motion for Summary Judgment, filed December 12, 2005 (docket #23), is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

Dated:  September 26, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge