IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-00214-WYD-CBS

CAROLYN MAY,

      Plaintiff(s),

v.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut
corporation, f/k/a THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS,

      Defendant(s).

---

**ORDER**

---

I.      <u>INTRODUCTION AND BACKGROUND</u>

THIS MATTER is before the Court on Defendant Travelers Property Casualty

Company's ("Travelers") Motion for Entry of Additional Rule 56 Findings of Fact and

Conclusions of Law, Following the Court's Order of September 26, 2006 (docket #82),

filed October 10, 2006 ("motion").

By way of background, I note that this is an insurance dispute arising from an

automobile accident involving Plaintiff.  At the time of the accident, Plaintiff was

traveling as a passenger in a vehicle insured by Travelers under a policy of insurance

issued to her husband, Shawn May.  Plaintiff, an insured under the policy as a resident

relative of Shawn May, was entitled to receive benefits under the policy including

Personal Injury Protection ("PIP") benefits pursuant to the then-existing Colorado No-

Fault Act, C.R.S. § 10-4-701, *et seq* (the "No-Fault Act").  The policy at issue provided

the minimum complying PIP coverage, which Travelers paid to Plaintiff.  Plaintiff then made a claim to Travelers for added personal injury protection benefits ("APIP") without dollar or time limitations.  Travelers denied Plaintiff's claim for APIP, and Plaintiff commenced this action seeking, among other things, a declaration under Fed. R. Civ. P. 56 that the policy at issue must be reformed as a matter of law to include the highest amount of coverage required to be offered under C.R.S. § 10-4-710, without any aggregate limit.  In addition to her reformation claim, Plaintiff brings claims for breach of contract, statutory bad faith, breach of the implied covenant of good faith and fair dealing, and common law bad faith.

The parties filed cross-motions for summary judgment, each seeking a determination of whether Plaintiff is entitled to reformation of the subject policy as a matter of law.  An Order on the parties' cross-motions was entered September 26, 2006 (the "Order").  In the Order, I determined that Plaintiff was not entitled to reformation of the policy based on Travelers' failure to properly extend APIP benefits to non-family member occupants and pedestrians under the Colorado Court of Appeal's decision in *Brennan v. Farmers Alliance Mut. Ins. Co*, 961 P.2d 550 (Colo. App. 1998).  However, I found that Plaintiff was entitled to reformation based on her theory that Travelers' offer of APIP was not communicated in a manner reasonably calculated to permit Mr. May to make an informed decision under the standard articulated by the Colorado Supreme Court in *Allstate Ins. Co. v. Parfrey*, 830 P.2d 905 (Colo. 1992).  I concluded that Plaintiff is entitled to reformation of the policy as a matter of law, and granted her motion for partial summary judgment as to her First Claim for Relief.  While I agreed

with Plaintiff that she is entitled to reformation of the subject policy to include Travelers

"Added Personal Injury Protection Options," I found that those benefits were subject to

a $200,000 aggregate, per person, per accident, cap.  *Clark v. State Farm Mut. Auto.*

*Ins. Co.*, 292 F.Supp.2d 1252, 1268-69 (D. Colo. 2003).

Following entry of my Order on the parties' cross-motions, Travelers paid

Plaintiff the sum of $93,132.20, representing the difference between the Basic PIP

already paid and the $200,000 aggregate APIP cap.  Travelers then filed the instant

motion, in which it asserts that the remaining matters between the parties may properly

be decided by the Court on the record before it, without the need for a jury trial.

Travelers requests that the Court establish the effective date for reformation of the

subject policy, and asserts that if reformation is not granted retroactively, then Plaintiff's

remaining claims for bad faith and breach of contract must fail.  Travelers maintains

that the appropriate date of reformation is September 26, 2006, the date I issued my

Order on the parties' cross-motions for summary judgment.  Plaintiff contends that there

is no need to establish an effective date of reformation and that the policy is reformed

*ab initio*, or, in the alternative, that the appropriate reformation date is the date of the

accident.

II.     ANALYSIS

As an initial matter, I reject Plaintiff's contention that the policy is reformed *ab*

*initio*.  Contract reformation is an equitable remedy, and the formulation of such remedy

rests within the court's discretion.  *Cabs, Inc. v. Hartford Ins. Group*, 151 Fed.Appx.

604, 609-10 (D. Colo. 2005).  I agree with Travelers that a determination of the

effective reformation date of the subject policy is appropriate prior to the trial in this case as a decision regarding reformation may impact the viability of Plaintiff's remaining claims.  *See Fincher v. Prudential Prop. and Cas. Ins. Co.*, 76 Fed.Appx. 917, 923 (10 Cir. 2003) (not selected for publication).

In *Clark v. State Farm Mut. Auto. Ins. Co.*, 319 F.3d 1234, 1242-43 (10th Cir. 2003), the Tenth Circuit found that once a determination is made that a party is entitled to the equitable remedy of reformation, the district court must then determine the effective date of reformation, based on the particular facts and circumstances of the case.  In *Clark*, the insured was entitled to reformation of the policy at issue under *Brennan*, *supra*, which holds that reformation is appropriate when an insurer fails to offer APIP benefits for pedestrians as required under certain provisions of the No-Fault Act.  *Clark*, 319 F.3d at 1242.  After the Colorado Court of Appeals decided *Brennan*, carriers were arguably put on notice that policy forms that failed to afford APIP to the same classes of insureds entitled to "Basic PIP" (i.e., including pedestrians and other permissive users or occupants) were deficient and subject to reformation if a member of an omitted class of insureds had a claim that otherwise qualified for APIP benefits.  If an insurer knew, based on *Brennan*, that a claimant was entitled to APIP because of these deficiencies, but failed to afford the higher benefits, then a case could be made that retroactive reformation was appropriate.  The Tenth Circuit reasoned that when determining the effective date for reformation post-*Brennan*, the district court should consider the following: "(1) the degree to which reformation from a particular effective date would upset past practices on which the parties may have relied, and whether the

insurer anticipated the rule in *Brennan*; (2) how reformation from a particular date

would further or retard the purpose of the rule in *Brennan*; and (3) the degree of

injustice or hardship reformation from a particular effective date would cause the

parties." *Id.* at 1243-44.

Here, both parties acknowledge that my Order granting reformation was not

based on *Brennan*, but was based on Travelers' failure to "offer" APIP benefits to its

insured in a commercially reasonable manner under the test articulated in *Allstate v.*

*Parfrey*, 830 P.2d 905 (Colo. 1992).  Because my decision was not based on the

holding in *Brennan*, I need not specifically consider the purpose underlying the rule in

*Brennan* or whether Travelers anticipated the rule in *Brennan* when deciding the

effective reformation date.  However, because reformation is an equitable remedy, I

may consider the appropriate date of reformation, based on the facts and

circumstances of this particular case, as discussed in *Clark, supra*.

This is not a *Brennan* case where the insurer failed to offer APIP benefits that

were mandated by statute.  Here, an offer of APIP was made, but that offer was not

made in a commercially reasonable manner.  As noted in my prior Order, the

commercial reasonableness test in *Parfrey* was adopted in the context of an insurer's

statutory duty to offer uninsured motorist coverage pursuant to C.R.S. § 10-4-609(b)(2).

In my Order I noted that Plaintiff had not cited any Colorado case applying the *Parfrey*

test in the context of an offer of APIP benefits under § 710 of the Act.  Application of the

*Parfrey* standard requires an analysis of whether "under the totality of the

circumstances, the insurer's notification and offer to the insured" was performed in a

commercially reasonable manner.  *Parfrey*, 830 P.2d at 914 n. 5.  While several

decisions from this District have utilized the *Parfrey* standard in cases similar to this

one, those cases are all fairly recent.  In some cases it will be difficult for an insured to

determine whether its conduct was "commercially reasonable" under the "totality of the

circumstances" prior to judicial determination.

    In this case, the sufficiency of the offer to Mr. May was fairly debatable, and

Travelers had a reasonable basis upon which to challenge Plaintiff claim that she was

entitled to additional benefits.  The evidence presented in the parties' cross-motions did

not unequivocally demonstrated that the offer of APIP to Mr. May was unreasonable.

Rather, this was a close case that required careful scrutiny and a weighing of the

particular facts and circumstances as framed by the parties' in their respective motions.

In other words, this is not a case where Travelers should have known or anticipated

that the conduct of its agents was unreasonable under *Parfrey* and would subject it to

liability.  Where the reformation was not predestined by case law, a retroactive

reformation "inequitably would hold [Travelers] liable for coverage it could not foresee

during a time it reasonably did not know of such exposure."  *Clark v. State Farm Mut.*

*Auto. Ins. Co.*, 292 F.Supp.2d 1252, 1267 (D. Colo. 2003).  I find that in this case

retroactive reformation would pose a substantial hardship on Travelers and conclude

that the effective date for reformation of the subject policy is September 26, 2006, the

date of my Order on the parties' cross-motions for summary judgment.  Because

Travelers promptly paid the additional benefits due to Plaintiff up to the maximum APIP

aggregate benefit of $200,000, Plaintiff's remaining claims for bad faith and breach of

contract fail as a matter of law.

III.      CONCLUSION

For the reasons discussed above, it is

ORDERED that Travelers Property Casualty Company's Motion for Entry of

Additional Rule 56 Findings of Fact and Conclusions of Law, Following the Court's

Order of September 26, 2006 (docket #82), filed October 10, 2006, is **GRANTED** as set

forth herein.  It is

FURTHER ORDERED that Plaintiff's Second, Third, Fourth and Fifth Claims for

relief are **DISMISSED WITH PREJUDICE**.  It is

FURTHER ORDERED that Plaintiff's Motion to Strike Defendant Travelers

Property Casualty Company's Reply Supporting Motion for Entry of Additional Rule 56

Findings of Fact and Conclusions of Law, filed October 27, 2006 (docket #97) is

**DENIED AS MOOT.**  It is

FURTHER ORDERED that Plaintiff's Motion to Strike, and Response to,

Defendant Travelers Property Casualty Company's Motion *In Limine* Included Within Its

Submission of Issues and/or Motions Requiring Resolution, filed October 27, 2006

(docket #98) is **DENIED AS MOOT**.  It is

FURTHER ORDERED that, all the claims and causes of action in this case

being dismissed, the five-day jury trial set to commence **Monday, November 13, 2006**,

is **VACATED**.

Dated:  November 6, 2006

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge